**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN **1 0** 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**MONIQUE BOWERS**                                          **PLAINTIFF**

vs.                              No. 4:20-cv-$\underline{43}$- BRW

**NORTH LITTLE ROCK SCHOOL DISTRICT**                **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Monique Bowers ("Plaintiff"), by and through her attorneys Tess Bradford and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendant North Little Rock School District ("Defendant"), she does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.   Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs and a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff overtime wages as required by the FLSA and AMWA.

### II.   JURISDICTION AND VENUE

2.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

This case assigned to District Judge Wilson
and to Magistrate Judge Ray

3.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

5.      Plaintiff was employed by Defendant as a custodian, working in the Central Division of the Eastern District of Arkansas.

6.      The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.      THE PARTIES

7.      Plaintiff is an individual and a resident and domiciliary of Arkansas.

8.      Defendant is a public school district created pursuant to state statute and deriving its powers therefrom.

9.      Defendant's registered agent for service is Superintendent Bobby Acklin, located at 2700 North Poplar Street, North Little Rock, Arkansas 72114.

10.      Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant hereto, Plaintiff's employer.

11.      Defendant manages and controls the operation of Indian Hills Elementary School and dictates the employment policies of Indian Hills

Elementary School, including but not limited to the decision to not pay Plaintiff a proper overtime wage.

12.    At all times relevant hereto, Defendant had the power to hire and fire employees, supervised and set wages and wage policies for employees.

13.    During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

14.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

15.    Defendant employed more than four employees within the State of Arkansas during each of the four years preceding the filing of this Complaint.

## IV.    FACTUAL ALLEGATIONS

16.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

17.    Plaintiff has worked as an hourly-paid employee for Defendant from 2016 to February of 2019.

18.    At all relevant times herein, Defendant directly hired Plaintiff to work in its school, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

19.    At all relevant times, Plaintiff has been classified as non-exempt from the overtime provisions of the FLSA.

20.    During the relevant time, Plaintiff worked as a custodian for Defendant at Indian Hills Elementary School.

21.    As a custodian, Plaintiff was a classic "blue collar" worker under the FLSA.

22.    Plaintiff regularly worked more than forty hours in a workweek.

23.    Plaintiff recorded and submitted hours that she worked each pay period as required by Defendant, but Defendant never or almost never paid Plaintiff for more than forty hours each week.

24.    In most weeks, Plaintiff worked at least four hours of overtime for which she was not compensated.

25.    Defendants knew or should have known that Plaintiff worked over forty hours in most weeks, but willfully failed or refused to pay her for all hours worked.

## V.    FIRST CAUSE OF ACTION
## (Violation of the FLSA)

26.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

27.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

28.    At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

29.     At all times relevant to this Complaint, Defendant has acted, and continues to act, as an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

30.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

31.     Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

32.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

33.     Defendant's failure to pay Plaintiff overtime wages was willful.

34.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.     SECOND CAUSE OF ACTION
### (Violation of the AMWA)

35.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, et seq.

37.     At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

38.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

39.     Defendant classified Plaintiff as non-exempt from the requirements of the AMWA.

40.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

41.     Defendant's failure to pay Plaintiff overtime wages was willful.

42.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Monique Bowers respectfully requests this Court grant the following relief:

(a)     Summon Defendant to appear and answer herein;

(b)     Enter declaratory judgment that the practices complained of herein are unlawful under Federal and Arkansas law;

(c)     Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff is entitled;

(d)     Award Plaintiff compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage for a period of three (3) years prior to this lawsuit through the date of trial;

(e)     Award a judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiff during the applicable statutory period;

(f)     Award a judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(g)     An award to Plaintiff of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

(h)     All such other and further relief to which this Court may find Plaintiff entitled.

Respectfully submitted,

**PLAINTIFF MONIQUE BOWERS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com